GRAHAM *v.* McREYNOLDS.

(*Knoxville.*  October 28, 1889.)

1. PLEADING AND PRACTICE.  *Plea erroneously stricken out.  Immaterial issue.*

The error of striking out a good plea of the statute of limitations is not rendered innocuous by defendants joining issue upon an unnecessary averment in the declaration, to the effect that plaintiff attained majority at a date anterior to commencement of suit within the saving of the statute, such issue being wholly immaterial except as an answer to the plea stricken out.

2. SAME.  *As to questions of maintenance.*

It is not error to strike out a plea presenting solely a question of maintenance.  That question is one for the Court, not for the jury, and may be presented and the action of the Court invoked upon it at any stage of the cause.

Case cited and approved: Webb *v.* Armstrong, 5 Hum., 379.

3. SAME.  *As to rule upon attorney to show authority.  Evidence.*

It is not error to discharge rule upon plaintiff's attorneys to show authority to prosecute the suit solely upon the evidence afforded by plaintiff's *ex parte* affidavit, where the plaintiff was subsequently examined as a witness on the trial of the cause.

4. SAME.  *As to compelling attendance of female witness.*

Where a female witness, being the plaintiff in a case, is actually present and examined on the trial, no error can be predicated of the Court's refusal at an earlier stage of the case to make an order on defendant's application to compel her attendance at the trial for cross-examination.

Act construed: Act 1868–9, Ch. 42; Code, § 4590 (M. & V.); § 3836*a* (T. & S.).

Graham *v.* McReynolds.

5. SAME. *Assignment of error. Excluded evidence.*

Where no error is assigned to the exclusion of evidence by the lower Court, that evidence, though made part of record in due form, cannot be looked to by this Court for any purpose.

6. WITNESS. *Cross-examination. Contradiction. Duress.*

To affect his credit and lay grounds for contradiction, it is competent to ask a witness, on cross-examination, if a certain person, not a party, but interested and assisting the adverse party in the suit, did not utter in the witness' presence certain threatening language intended to influence his testimony and calculated to do so by reason of the peculiar relations existing between such person and the witness.

FROM MARION.

Appeal in error from Circuit Court of Marion County. D. C. TREWHITT, J.

Action for seduction and breach of marriage promise brought by Lucretia McReynolds against John Graham.

The plaintiff obtained judgment for $25,000 damages, from which defendant appealed, and assigned errors.

W. L. EAKIN, W. E. DONALDSON, and G. W. PICKLE for Graham.

16 P

BROWN & SPEARS, A. L. SPEARS, LEWIS SHEP-
HERD, W. J. CLIFT, and INGERSOLL & PEYTON for
McReynolds.

*T. S WEBB, Sp. J. This is a suit for seduction
and breach of marriage promise, and originated in
the Circuit Court of Marion County. Verdict and
judgment were for the plaintiff. Defendant moved
for a new trial, which was refused, and he has
appealed in error to this Court. Numerous errors
have been assigned. Two of the assignments are
to the action of the Circuit Judge on the plead-
ings :

*First*—On motion of the plaintiff's attorney, the
Circuit Judge struck out the defendant's plea of
the statute of limitations of one year.

*Second*—On motion of the plaintiff's attorney,
the Circuit Judge also struck out the defendant's
fourth plea, which was that this suit was not the
suit of the plaintiff, but the suit of her father,
Jas. W. McReynolds, and was instituted without
her knowledge and prosecuted without her consent
and against her will.

We will consider these assignments in their
order.

The statute of limitations is a legal defense,
which the defendant was entitled to have the ben-
efit of; and if the action of the trial Judge in

---

*T. S. Webb, Esq., of the Knoxville bar, was appointed and com-
missioned by the Governor to preside on trial of this case, on account of
the incompetency of Chief Justice Turney by reason of relationship to
the parties.

striking out this plea has deprived him of that defense, it was error. Plaintiff's counsel contend, however, that this action of the trial Judge did not deprive the defendant of the benefit of this defense, but that there was another plea interposed, and not stricken out, under which defendant could, and did, have the full benefit of this defense. Let us see how this is.

The first count in the declaration is as follows: " The plaintiff, who avers that she is a single woman and was twenty-one years of age on October 26, 1887, sues the defendant for $50,000." Then follows a statement of her cause of action.

The defendant's sixth plea is that the plaintiff attained her majority of twenty-one years more than twelve months before the suit was brought. This is the plea under which it is claimed that the defendant had the benefit of the defense of the statute of limitations.

It is clear that the Circuit Judge treated the averment in the declaration that the plaintiff "was twenty-one years of age on October 26, 1887," as an averment that she had attained her majority at that time. The defendant also so treated it, and traversed this averment by his sixth plea, and we will so treat it.

It is also clear that the Circuit Judge thought that said averment in the declaration and the traverse thereof by the sixth plea made an issue upon the statute of limitations, and were equivalent to a plea of the statute and a replication

that plaintiff had attained her majority within twelve months; and that under this issue the defendant could have the benefit of the defense of the statute. And this is the position now assumed by plaintiff's counsel before this Court. In the view of the Circuit Judge and of the plaintiff's counsel, the defendant had filed two pleas of the statute of limitation, one setting up that defense directly and the other traversing said averment in the declaration, thus tendering the same issue twice. Hence the Circuit Judge struck out the defendant's second plea, which set up the defense of the statute directly, and left the defense of the statute to depend upon the other issue; so that, if the defendant had the benefit of this defense at all, it was under the issue presented by the sixth plea.

The sole issue presented by this plea was whether or not the plaintiff had attained her majority within twelve months before suit brought. It is clear that, except in reply to a plea of the statute, the right of the plaintiff to recover could not be affected by the fact that she had attained her majority more than twelve months before the suit was brought. In the absence of the plea of the statute, her right to recover would be as complete at fifty years of age as at twenty-one, and though she should admit on the witness stand that she attained her majority more than *three years* before suit brought, and the jury should so find the fact, nevertheless the Court would be com-

pelled to pronounce judgment in her favor, in case the jury should find for her on the merits of the case. Again, even if the plea of the statute had not been stricken out, the plaintiff, in her replication to that plea, would aver that she had attained her majority within twelve months, thus making the same issue twice. But the issue made by the replication would be material, because made in reply to the plea of the statute, while the issue made upon the averment in the declaration by the sixth plea would be immaterial, because not in reply to the plea of the statute. The logic of the plaintiff's contention is, that the averment in the declaration was made in anticipation of, and in reply to, the plea of the statute, which she assumed would be filed by the defendant, and would operate to make an issue on that plea, when the plea should be filed, and that for this purpose it was a material averment. Conceding this to be so, for the sake of the argument, still, when the plea to which said averment is a reply is stricken out, as was done in this case, the averment in the declaration stands as a reply to nothing, and its materiality is destroyed.

In any aspect of the case, the averment in the declaration that the plaintiff had attained her majority within twelve months before suit brought was wholly immaterial, and the traverse of this averment by the sixth plea raised an immaterial issue, under which the defendant could not have the benefit of his defense of the statute of limi-

tations. It was therefore error in the Circuit Judge to strike out defendant's plea of the statute.

The action of the Circuit Judge in striking out the defendant's fourth plea was not error. This plea presented an issue of maintenance for the jury to try. It is the province of the Court, and not the jury, to try the question of maintenance and determine whether it exists, and, if it does, to dismiss the suit. It was not a proper question to be submitted to the jury.

Furthermore, in the same order striking out this fourth plea as a plea, the Court ordered that the plea should stand as an application for a rule on the plaintiff's attorneys to show by what authority they prosecuted the suit in the plaintiff's name; and the rule was made accordingly. Defendant excepted to this order, except that portion of it making the rule on plaintiff's attorneys. In answer to the rule, plaintiff's attorneys filed the affidavit of the plaintiff herself, in which she swears that the suit is prosecuted by her direction and for her benefit, and that she ratifies and approves all that has been done by her attorneys in the case. Upon this affidavit the rule was discharged, and this is assigned as error. We know of no better way for an attorney to show by what authority he prosecutes a suit in the name of the plaintiff than by producing the sworn statement of the plaintiff that he has her express authority. Certainly the defendant has no right to complain. He still had the right, at any stage of

Graham *v.* McReynolds.

the case, to show maintenance, if it existed, and have the suit dismissed by the Court. *Webb* v. *Armstrong*, 5 Hum., 379. Nor can the defendant complain because the affidavit was *ex parte*, especially in view of the fact that the plaintiff was examined on the stand as a witness, on the trial of the cause, and defendant had full opportunity to get at the truth of the matter.

It is assigned as error that the Circuit Judge refused to make an order compelling the plaintiff to appear personally at the trial, so that defendant might cross-examine her before the jury. The application for this order was made by the defendant before the trial, and before any attempt had been made to take the plaintiff's testimony by deposition or otherwise. The Circuit Judge was correct in refusing to make the order as applied for and at the time applied for. Moreover, the plaintiff was personally present at the trial and testified before the jury, so that no injury resulted to the defendant from the refusal of the Court to make the order.

Several errors to the rulings of the Court, in excluding evidence offered by the defendant, are assigned. One is as follows: Mrs. McReynolds was asked on cross-examination if her husband, Jas. W. McReynolds, did not say that if she did not swear plaintiff's child to the defendant he would send her to hell in a minute. The Circuit Judge refused to allow her to answer the question.

The contention of the defendant's counsel is that Jas. W. McReynolds was the agent of the plaintiff for the conduct of this suit, and that all of his acts and declarations in relation thereto should have gone to the jury as the acts and declarations of the plaintiff. As proof of such agency, counsel refer to an affidavit made by the plaintiff during the progress of the cause. We find such an affidavit in the record, and that it was offered in evidence by the defendant, but excluded by the Court, and made a part of the record by bill of exceptions. But no error has been assigned to the action of the Court in excluding this affidavit, so that it is not before us and we cannot look to it. Whether it would have the effect contended for, if properly before us, it is not now necessary to decide.

But we think the witness should have been allowed to answer the question, upon the ground that her answer might affect her credibility as a witness. The proof shows that Jas. W. McReynolds is the husband of the witness, Martha J., and the father of the plaintiff, and that they live with him; and there is proof tending to show that he is a violent and dissipated man, and that he was not on friendly terms with the defendant or with his wife's father, and that his wife and daughter were afraid of him. There is also proof tending to show that he had importuned the plaintiff in relation to this suit, and threatened to do her bodily harm if she did not swear her child

to the defendant. There was also proof tending to show that the wife and daughter made statements as to the paternity of the child which were at variance with the statements made by them on the witness stand. The object of the question propounded was to show by Mrs. McReynolds that her evidence had been dictated or influenced by her husband. If she had answered that her husband did make the threat, and that this threat influenced her to give testimony which was not true, this admission from her would have destroyed her credibility as a witness. Or, if she had admitted the threat, but denied that it influenced her, still it would have been a proper matter to be left to the jury as affecting her credibility. And if she had denied both the threat and influence, the defendant might be able to contradict her. As the question was intended to draw this admission from her, we think that she should have been allowed to answer it.

We find that the charge of the Court is, in the main, correct, but as the case must be retried, we do not deem it necessary to pass upon the special assignments of error to the charge, or any other assignments of error not hereinbefore considered; and we intimate no opinion on the merits of the case.

For the errors indicated, the judgment of the Circuit Court will be reversed and the cause remanded for a new trial.