<hr />

NORMAN McLEOD, Executor, etc. *v.* SHELTON & MINOR,

1. **VENUE: ACTIONS NOT LOCAL MUST BE BROUGHT IN COUNTY WHERE FREE-HOLDER RESIDES, WHETHER SUED IN HIS OWN RIGHT OR AS EXECUTOR OF ANOTHER.** — By the provisions of art. 32, page 483 of Rev. Code, actions not local must be brought in the Circuit Court of the county in which the defendants or any one of them may be found; but if a freeholder, resident in this State, shall be sued in any action, not local, out of the county of his freehold and residence, the venue shall be changed on his application to the county of his freehold and residence; the rule is the same though the party is sued not in his own right, but as executor or administrator.

ERROR to the Circuit Court of Noxubee county. Hon. H. W. Foote, judge.

Action by defendants in error on an open account against plaintiff in error as the executor of W. McLeod, in Circuit

Court of Noxubee county. Original and alias summons to Noxubee county returned not found. Pluries summons to Sun flower county returned executed. At the term next succeeding the execution of the pluries summons, plaintiff in error appeared and moved to change the venue to Sunflower county, on the ground that he was a resident freeholder of that county. It was shown by defendants in error that the testator of plaintiff in error died in Noxubee county, and letters testamentary were granted to him in that county. Motion overruled, and plaintiff in error tendered bill of exceptions. Jury and verdict for defendants in error. Writ of error to this court.

*Jarnagin & Rives* for plaintiff in error.

*J. T. Richardson* for defendants in error.

SHACKELFORD, C.J., delivered the opinion of the court.

This is an action of *assumpsit instituted in the Circuit Court* of Noxubee county by defendants in error, upon an open account against the plaintiff in error, as executor of estate of William McLeod, deceased.

A summons was issued to the county of Noxubee, for plaintiff in error, and returned not found, and an alias and pluries *capias ad respondendum* were issued to the county of Sunflower, and the last writ executed.

An affidavit was filed as the return term of the writ by plaintiff in error, that he was a resident and freeholder of Sunflower county at the time of the institution of the suit, and asked for a change of venue in the case, from Noxubee county to the county of his residence, and made a motion to change the venue, based upon said affidavit.

On the trial of the motion to change the venue, the defendants in error introduced testimony proving that the defendant, Norman McLeod, was the executor of the last will and testament of William McLeod, and that William McLeod died in the county of Noxubee; that the letters testamentary to plaintiff in error were granted by the Probate Court of Nox-

ubee county, and that the will was recorded in the Probate Court of said county. This was all the testimony for defendants in error, in opposition to the grant of the motion. The court, upon this testimony, refused to sustain the motion, and overruled it, and forced the plaintiff in error to trial of the case; to which ruling of the court the plaintiff in error excepted, and tendered his bill of exceptions, which were allowed.

Jury and verdict for defendants in error, and judgment thereon.

The case is brought here by writ of error for revisal.

The only error assigned and relied on by counsel for plaintiff in error is the ruling of the court in not sustaining the motion of plaintiff in error to change the venue of the case to Sunflower county.

We consider this assignment of error well taken.

The affidavit of plaintiff in error shows that he was a resident of Sunflower county before the institution of the suit against him in Noxubee county, and was still a resident of Sunflower county at the time of the trial of the motion aforesaid. This affidavit was not traversed or controverted; the testimony introduced by defendants in error was irrelevant, and should not have had any weight with the court in the decision of the motion; there was nothing in it to give the court jurisdiction of the case.

The language of our Revised Code is plain and explicit, and is susceptible of but one construction in art. 32, p. 483. It provides that actions of ejectment, and actions of trespass *quam clausam fugit*, shall be brought in the county where the *property is situated;* "and in *all* other cases, all civil actions *shall* be brought in the Circuit Court of the county in which the defendants, or any of them, may be found. But if a freeholder, resident in this State, shall be sued in *any action, not local,* out of the county of his freehold and residence, the venue *shall* be changed, on his application, to the county of his freehold and residence."

On the showing made by plaintiff in error, the court should have changed the venue; the statute is imperative, and leaves

no discretion to the court in such a case, and it was error to refuse it.

For this reason the verdict must be set aside and the judgment reversed; and this court proceeding to render the judgment the court below should have rendered, on the motion of plaintiff in error, overrules the judgment of the court on the motion to change the venue and orders that the same be sustained, and that the venue be changed to the county of Sunflower.