CHIEE JUSTICE ROBERTSON
delivered the opinion op the court.
On tbe 15th of February, 1838, Claudius Duvall and Julia Ann Mercer, co-appellants in this case, intermarried in Kentucky, where she owned a competent estate, real and personal, inherited from her deceased father. She then being an infant and Claudius insolvent, they made an antenuptial settlement for securing to her the exclusive right to all her' estate against him and his creditors; and for that purpose they jointly executed- a deed conveying all the property to her mother, Winney Mercer, in trust, with power to sell, with her concurrence, any or all of the estate, and apply the proceeds to her exclusive use.
*466 The trustee, with the concurrence of the beneficiary, having soon converted some of the movable property into money, by the aid of which the husband made considerable profit, he bought therewith a valuable house and lot in the city of Louisville, and still holds the legal title as conveyed to himself to the exclusive use of the wife.
In the year 1845 the trustee also sold and conveyed about six acres and a half of the trust land in the suburbs of Louisville, by a deed in fee-simple, expressing the beneficiary’s concurrence, and signed and acknowledged by herself as well as by the trustee, properly certified and recorded.
After undisturbed possession by the purchaser and his successive vendees for several years, this suit was brought in the Louisville Chancery Court by Duvall and wife against the present occupant for recovering the land, on the ground that in consequence of her infancy the power of sale was void and pot confirmable; and that, if only voidable and therefore confirmable, the deed of 1845 did not confirm the sale, chiefly because, though then not an infant, yet Mrs. Duvall was still covert, and her husband did not join in the deed.
The chancellor dismissed the petition, and the appellants seek a reversal.
Whatever may have been the chancellor’s reasons for his decree, we concur in his conclusion.
1. The petition does not attempt to avoid the settlement on the ground of infancy, but virtually confirms it, and objects only to the validity of the sale of the land to the first purchaser, Magness, on the plea that the coverture of the beneficiary disabled her from binding herself by concurrence without the co-operation of her husband. As an additional plea, her able counsel assumes that her power to sell, even with her own concurrence, was void in consequence of her infancy, and that therefore, her power of concurrence being also void, the sale passed no' title.
*467 Neither of these objections to the sale can be admitted to be available.
According to the philosophy of the privilege of infancy to avoid contracts, it might be more wise and consistent to declare no contract void on account of infancy only, but pronounce all, except those for necessaries, which are necessarily binding, voidable at the infant’s election; and Perkins on Conveyancing, section 12; Tyler on Infancy and Coverture, 133, 463; Zouch v. Parsons, 3 Burrows, 1804; Breckinridge’s heirs v. Ormsby, 1 J. J. Marshall, 241; and other adjudged cases, incline to this conclusion.
But if it be admitted that the rule, as anciently adjudged— that naked powers of attorney by infants are void — be still the arbitrary law, the concession would be unavailing in this case, because the power here is coupled with an interest, and is an essential element in a provident trust for the benefit and security of the infant, and which can not be fulfilled without the exercise of the power of sale. And this may be sufficiently shown by an apposite illustration of a deed of trust delegating to the trustee the single power of renting and applying the proceeds to the maintenance of the owner of the separate estate. If in such a case the power would be void instead of voidable, the trust would be barren, and the object of the grantor would be suicidally frustrated. Moreover the trust in this case, with all its powers, was an essential consideration of the marriage which could not be avoided by infancy; and it would therefore be incongruous and unreasonable to pronounce the powers void. Consequently, without elaborating these clues, we adjudge that neither the power of sale nor that of consent was void. Nor can we admit that the husband’s concurrence was necessary to a confirmation by the conveyance of 1845, within the scope of the powers and prescribed limitations of the deed of trust. Mrs. Duvall, evidently the sole beneficial owner of the estate, was, though *468 covert, yet in law a, feme sole, and as such could consent to the sale and conveyance by her trustee as effectually without as with her husband’s concurrence. (4 Kent’s Com. 324, 6th edition, note a; 1 Sugden on Powers, 182; 2 Story’s Equity, sections 1388-90; Tudor’s Leading Cases on Peal Property, 287; Burgin v. Chenault, 9 B. Mon. 287; and other cases too numerous for convenient citation.)
But in this case the husband consented to the trust and all its powers by being a party to the deed of trust, and was not only thereby estopped, but had no interest in the execution of the powers; and consequently the reason for requiring his concurrence in a conveyance of his wife’s general property does not apply to the conveyance of 1845 of a portion of her separate estate not derived from him by gift or otherwise, and to the disposition of which by her trustee and herself he had consented by the most solemn of acts and most sacred of contracts. And it is not material whether the wife united in the conveyance of 1845 for the formal purpose of merely expressing her concurrence as required by the deed of trust, or had •joined her trustee in the sale as a vendor of her title. In either aspect the title, both legal and equitable, passed to the purchaser beyond the power of her husband.
It was not necessary therefore for the appellee to invoke the statute of limitations as a peremptory bar to this action, or the lapse of time as a presumptive bar. As the coverture did not suspend a suit by Mrs. Duvall concerning her separate property, the statute might perhaps operate as a bar; but the decision of this matter is not necessary.
The long lapse of time, however, with all its presumptions, and the strong consideration that the sales of her separate estate have resulted in another separate estate which may be equivalent, and which she has enjoyed for more than twenty years, might alone be an equitable quietus. Here is an equity which, when she seeks equitable relief, should be *469 deemed sufficient to rebut all her asserted equity in a court of conscience.
It seems to this court therefore that the dismission of the petition was just and right.
Wherefore the chancellor’s judgment is affirmed.