GORDON, Ad., vs. HOWELL, Guardian.

ADMINISTRATION: *Venue in sale of deceased's lands.*

Jurisdiction for the sale of a deceased's lands is only in the probate court of the county in which the personal representative was qualified—not in another county in which the land may be situated.

APPEAL from *Conway* Circuit Court.
Hon. THOMAS W. POUND, Circuit Judge.
*Coblentz*, for appellant.
*W. N. May*, contra.

ENGLISH, C. J. This was an application to the circuit court of Conway county for a *certiorari*, etc.

The petition was filed on the tenth of September, 1877, by Alfred E. Howell, as guardian of Margaret J. Bennett and Dyton Bennett, jr., minors, and Phœbe Howell (formerly Bennett), and her husband, Alfred E. Howell, and George W. Bennett, an emancipated minor.

The material facts alleged in the petition are as follows:

That about the seventh of October, 1867, Dyton Bennett died intestate in Perry county, Arkansas, leaving him surviving as his only heirs at law, said Margaret J. Bennett, Dyton Bennett, jr., George W. Bennett, and Phœbe Bennett (who had since intermarried with Alfred E. Howell), all of whom were his children, and yet minors except Mrs.

Howell; and that Howell had been duly appointed guardian of the minor plaintiffs except George W. Bennett, who appears to have been emancipated.

That Dyton Bennett was a resident of Perry county at the time of his death, and thereafter Anderson Gordon was appointed administrator of his estate by the probate court of said county of Perry, and said administration had remained in said county, and had never been finally closed up.

That deceased left land in Perry county, and a large amount of personal property, which went into the hands of Gordon as his administrator, and that there were but a few hundred dollars of claims probated against the estate, etc.

That deceased was also the owner of river bottom lands situated in Conway county, which are described of the value of $1,500, and which, on his death, descended to his heirs at law.

That on the twelfth of October, 1869, Anderson Gordon, as such administrator, procured an order of the probate court of Conway county, to sell said lands at private sale for the alleged purpose of paying debts of the estate. A transcript of the petition and order of sale are exhibited.

That no further proceedings were had in the probate court of Conway county in relation to the sale, no report of sale of the lands having been made, but that Gordon was attempting to set up some claim to the lands under and by virtue of the order; and that he had never been finally discharged as such administrator, etc.

Petitioners submitted that the probate court of Conway county had no jurisdiction to make said order of sale, there being no administration of the estate pending in that county.

That there was no law authorizing an order for an administrator to sell real estate at private sale to pay debts. And that the probate court of Perry county, where the administration upon the estate was granted, and pending, only had jurisdiction to make an order for the sale of said lands to pay debts, etc.

Prayer for *certiorari* to the clerk of the probate court of Conway county, commanding him to make out and certify to the circuit court a transcript of the record of the proceedings of said probate court in the matter of said order of sale, etc.

Gordon, who had notice of the application, appeared and consented to the issuance of the writ of *certiorari*, upon which the clerk of the probate court returned a transcript of the petition and order of sale, nothing further relating to the matter appearing of record.

After the return, the case was submitted to the court on demurrer interposed by Gordon to the petition; the court held that the order of sale was null and void, because the probate court had no jurisdiction of the subject-matter, and rendered judgment quashing the order, and Gordon appealed to this court.

Before the adoption of the Code, an application for an order to sell lands to pay debts had to be made by an executor or administrator to the probate court of the county in which the lands were situated    *Gould's Digest, sec. 165, Chap. IV.*

But by *sec. 88 of the Civil Code,* " An action for the distribution of the estate of a deceased person, or for its partition among his heirs, or for the sale of real property, must be brought in the county in which his personal representative was qualified." See, also, *Gantt's Digest, secs. 168, 4536.*

Here the administration was in the probate court of Perry county, and the lands ordered sold were in Conway county, where there was no administration of the estate of Bennett.

It was not a mere error for the probate court of Conway county to make the order of sale, to be corrected on appeal, as submitted for appellant, but the court had no jurisdiction of the subject-matter, and its order was, therefore, void, as held by the court below.

Affirmed.