[S. F. No. 386.   Department Two.—December 15, 1896.] ·

GENEVA S. THOMPSON ET AL., RESPONDENTS, *v.*
HARVEY WOOD ET AL., EXECUTORS, ETC., APPEL-
LANTS.

ACTION AGAINST EXECUTORS—CLAIM AGAINST ESTATE—PLACE OF TRIAL—
CONSTRUCTION OF CODE—PUBLIC OFFICERS—RESIDENCE OF EXECUTORS
—CHANGE OF VENUE.—An executor is not a public officer within the
meaning of subdivision 2 of section 393 of the Code of Civil Procedure,
relating to the place of trial of actions, and has no official residence; and
executors sued upon a claim against the estate of the decedent in the
county in which the estate is being administered, but who reside in an-
other county, are entitled upon proper motion to a change of venue to
the county of their residence, where no counter-motion is made that
the case be retained for the convenience of witnesses, and no facts are
shown in reply to the motion.

ID.—WAIVER OF COSTS AGAINST EXECUTORS.—The fact that the plaintiffs,
at the hearing of the motion for a change of venue, waived their claim
for costs against the executors personally, and agreed to look to the es-
tate alone for them, did not affect the right of the executors to a change
of venue to the county of their residence.

APPEAL from an order of the Superior Court of the
City and County of San Francisco refusing to change
the place of trial.   J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court.

*Sullivan & Sullivan,* and *F. J. Solinsky,* for Appel-
lants.

Executors, as such, have no different residence than
that held by them as individuals. (Code Civ. Proc.,
secs. 392–400.)   The whole matter of the place of trial
of actions involving executors or administrators is a
matter of purely statutory regulation.   (Croswell on
Executors and Administrators, sec. 681; Ala. Code, 1886,
sec. 2262.)

*Coogan & Foote,* and *J. J. Lermen,* for Respondents.

As plaintiffs waived their right to costs against the
executors personally, defendants personally had no in-
terest whatever in the result of any trial of said action,

wherever it might be had.   (Code Civ. Proc., sec. 1031; *Sayward* v. *Houghton,* 82 Cal. 628.)

TEMPLE, J.—This is an appeal from an order refusing to grant a change of venue from the city and county of San Francisco to the county of Calaveras.   The action is brought to obtain a money judgment against the defendants, as executors of the last will and testament of Susan Scribner, on account of moneys alleged to have been received by the testatrix in her lifetime.

Susan Scribner was a resident of San Francisco at the time of her death.   Her will was probated there and her estate is now being administered there.   Notice to creditors was there published, and in the notice a place is designated in San Francisco for the presentation of claims.   The executors, defendants, however, all reside in Calaveras county and made the motion for the change of venue to that county.

The motion was made at the proper time and in the mode prescribed, and no counter-motion was made that the case be retained for the convenience of witnesses, nor were any facts shown in reply except those above stated.

The motion should have been granted, as the case made by appellants is clearly within the section alluded to.

The respondent makes two points in answer to appellant's claim.

1. He says that the official residence of the defendants is in San Francisco.   The statute has not designated any official residence for executors, and they are not public officers within the meaning of subdivision 2 of section 393 of the Code of Civil Procedure.   It is said they are but representatives of the deceased.   The executors are, in a sense, trustees, but not of the testatrix, who has no longer trustee or representative, but for the beneficiaries under the will and the heirs and creditors.   No rule of law with which I am acquainted gives countenance to the idea that there is an official residence for an executor.   In some states the venue of

actions is specially declared to be where it would have been necessary to sue the deceased. We have no such law. At common law the executor was sued in transitory actions where he resided.

2. At the hearing the respondents waived their claim for costs against the executors personally and agreed to look to the estate alone for them. In certain cases the executors may be held personally for costs. The plaintiffs have nothing to do with this, and cannot control the matter as between the estate and the executors.

But this would make no difference. It is the executors who must defend the action, and they are responsible for a proper defense.

In no one feature does the case resemble *Sayward* v. *Houghton*, 82 Cal. 629. There the bank had not only no interest, but there was no reason why it should appear in the action at all. Here the executors were the real defendants and the persons who are inconvenienced by being compelled to defend in a county which is not that of their residence.

It is a matter entirely of statutory control, and the meaning of the code provisions cannot be mistaken.

The order is reversed and the cause remanded.

McFARLAND, J., and HENSHAW, J., concurred.