Railroad *v.* Harris.

RAILROAD *v.* HARRIS.

(*Knoxville.*    November  22,  1898.)

1. EVIDENCE.   *Objection to deposition.*

Objection that a deposition was taken without notice or consent cannot be successfully made at the trial or hearing.   (*Post,* pp. 528, 529.*)

Code construed: §§ 5661, 5662 (S.); §§ 4626, 4627 (M. & V.); §§ 3868, 3869 (T. & S.).

2. STATUTE OF LIMITATIONS.   *Plea of, insufficient, when.*

A simple plea "that the cause of action arose more than one year before the bringing of this suit," presents no defense to a declaration that avers not only an original cause of action, but the bringing of suit thereon within one year after its accrual, and that same was dismissed without trial upon the merits within one year next before the present suit was instituted.   The unanswered averment of the declaration, which is admitted under the rules of pleading, constitutes a sufficient answer to the plea.   (*Post, pp. 529-533.*)

Code construed: §§ 4631, 4446 (S.); §§ 3620, 3449 (M. & V.); §§ 2910, 2755 (T. & S.).

Case cited and distinguished: Graham *v.* McReynolds, 88 Tenn., 240.

---

FROM  HAMILTON.

---

Appeal  in  error  from  Circuit  Court  of  Hamilton County.   FLOYD ESTILL,  J.

COOKE,  SWANEY  &  COOKE  for  Railroad.

W.  T.  MURRAY  for  Harris.

BEARD, J.   This record is before us · on assignments of error to the action of the trial Judge. During the progress of the trial in the Court below, the plaintiff, over the objection of the defendant, was permitted to read to the jury a deposition which had been taken by the plaintiff without notice, and of the existence of which the defendant and its attorneys were without knowledge until it was offered as a part of plaintiff's case.   It is now insisted that the trial Judge was in error in overruling the objection and permitting the deposition to go to the jury.

While it is clear that this deposition, taken, as it was, without notice or consent, was subject to exclusion upon exception properly made, yet the Court below cannot be placed in error for overruling the objection at the time· and in the form presented.   The statute is imperative that "all exceptions to depositions for want of notice, because not filed in reasonable time, or for other causes going to the admissibility . . . . shall be made and disposed of before the commencement of the hearing or trial, otherwise they will be considered as waived."   Code (Shannon), § 5661.   Such an exception goes first to the Clerk, and it is his duty to act upon it forthwith, "and from his decision an appeal lies to the Chancellor or Judge, to be disposed of before the cause is heard or tried."   Code (Shannon), § 5662.   It is apparent that the trial Judge, in the absence of an exception acted

upon by the Clerk and carried up by appeal, was without jurisdiction to entertain the motion to exclude the deposition in question, grounded, as it was, upon a fact going to its admissibility. The surprise of the defendant company at the sudden discovery of this deposition, if an application had then been made to the Court, would have afforded sufficient reason for a withdrawal of the case from the jury and for its continuance, in order that a statutory exception might be made; yet it is not sufficient to authorize us to reverse the cause when the objection came at a time and in a manner not authorized by the statute.

Another assignment of error is that the trial Judge declined two special requests with regard to the plea of the statute of limitations. To make clear this assignment, it is necessary that a brief statement of the pleadings in the cause should be given.

This suit was brought by Harris to recover damages for a personal injury, resulting, as was alleged, from the negligence of the railroad company. In his declaration, after averring that the injury occurred on the 19th of December, 1894, it was alleged that shortly thereafter, "to wit, about the — May, 1895," plaintiff "brought suit for same in the Circuit Court of Hamilton County, Tennessee, against the said defendants, for the sum of $25,000; that on the — day of ——, 1895, the said defendant, through its . . . attorneys, removed

17 p—34

said suit to the Circuit Court of the United States for the Eastern District of Tennessee, at Chattanooga, where and when on the 10th of April, 1896, the plaintiff was called out in default of appearance, and the said suit was dismissed on defendant's motion . . . that the cause was not tried on its merits'' in either of said Courts. The present suit was instituted just sixteen days after this order of dismissal.

To this declaration the pleas of not guilty and of the statute of limitations were filed, the latter being in the following words: ''And for further plea defendant says that the cause of action arose more than one year before the bringing of this suit.''

This was the state of the pleadings when, on the trial of the case, the Circuit Judge was requested by the defendant to say to the jury that the defendant had pleaded that the cause of action had accrued more than one year next before the bringing of this suit, and upon this plea the plaintiff had joined issue; so that if they found that the accident which caused the injury did occur · more than one year before the commencement of this suit, then they must find for the defendant. The same view, embodied in somewhat different form, was submitted in another and subsequent request. Both requests were declined, and it is now insisted that there was error upon the part of the trial Judge in so doing. In this state of the pleadings we do not think so. The plaintiff in his declaration, anticipating the plea

of the statute by defendant, had seen proper specifically to set out these allegations of facts, which, if true, relieved him from its bar by bringing his case within the saving of § 4446 of the (Shannon's) Code. It is true that he might have contented himself with a statement of his cause of action in his declaration, reserving these facts for a replication to the plea of the statute, but we know of no authority which holds that it was essential that he should do so, or that in pursuing the course he did, the plaintiff violated the rule of good pleading. The averments thus made were not traversed by the defendant. If true, it was immaterial, as was alleged in the plea, that the cause of action occurred more than one year before the institution of the suit; and that they were true, was conclusively admitted, "for all the purposes of that issue," by the defendant, when it failed to make a denial by plea. Code (Shannon's), § 4631.

We have, then, a case where the plaintiff admits in his declaration that the injury of which he complains occurred more than one year before the bringing of the present suit, and yet, coupling this admission with allegations which, if true, relieve him from the statutory bar, and which the defendant, by its failure to deny, admits to be true. In this condition of the record, we think it apparent that the plea presented an immaterial issue, and the Circuit Judge is not to be put in error for declining to submit it, as specially requested, to the jury.

But it is insisted this conclusion is in the face of *Graham* v. *McReynolds*, 88 Tenn., 240. That was an action for seduction and breach of marriage promise. The plaintiff, in her declaration, averred in substance that she reached her majority within twelve months before the institution of her suit, fixing the date of reaching her majority as the 26th of October, 1887. To this declaration a number of pleas were put in, one being the statute of limitations of one year, and another that the plaintiff attained her majority more than twelve months before the suit was brought. Under the erroneous conception that this latter plea, taken in connection with and as a traverse of the averment in the declaration as to time of plaintiff's attaining her majority, made an issue upon the statute of limitations, the plea setting up the bar of the statute, on motion of the plaintiff, was stricken out by the Circuit Judge. This was assigned for, and held by this Court to be, error. The controlling reason for this holding is found in the paragraph of the opinion which is as follows: "The sole issue presented by this plea was whether or not the plaintiff had attained her majority within twelve months before suit was brought. It is clear that, except in reply to a plea of the statute, the right of the plaintiff to recover could not be affected by the fact that she had attained her majority more than twelve months before the suit was brought. In the absence of the plea of the statute, her right to recover

Railroad *v.* Harris.

would be as complete at fifty years of age as at twenty-one, and though she should admit on the witness stand that she attained her majority more than three years before suit was brought, and the jury should so find the fact, nevertheless, the Court would be compelled to pronounce judgment in her favor, in case the jury should find for her on the merits of the case.'' This was the exact point in question and decided, and whatever else was said in the opinion is to be taken with reference to and controlled by it. Certainly, we think, the authority of that case does not militate against the conclusion reached in this.

Judgment affirmed.