## Forsee's Admx., et al. v. Forsee.

(Decided June 10, 1911.)

### Appeal from Owen Circuit Court.

1. Infant—Contracts—Disaffirmance—Where an infant executes his note in payment for land, he may upon arriving at the age of twenty-one years, disaffirm the transaction, and such disaffirmance may be properly made to, and suit for canceling the note may be brought against, the payee's administratrix.

2. Tender of Deed—Necessity—Where the infant upon the day after he arrives at the age brings suit to cancel the note and to recind the entire transaction, a judgment canceling the note and divesting the infant of title to the land will not be reversed because before filing the suit he failed to tender to the proper title holders a deed to the land, the effect of the judgment being to vest the title in those parties who would have succeeded to the title had there been no such transaction.

3. Venue—A suit against the payee's administratrix to cancel a note on the ground of infancy may be properly brought in the county where the administratrix resides and is served with process.

4. Motive—The motive of one who disaffirms a contract on the ground of infancy, can not be inquired into.

CLORE, DICKERSON & CLAYTON and JOHN W. DOUGLAS for appellant.

BOTTS, PERRY & LINDSAY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

J. S. Forsee, father of G. W. Forsee, died, testate, in the year 1903, a resident of Owen county, Kentucky. At the October term, 1903, of the Owen County Court, his will was admitted to probate. The fifth clause of the will is as follows:

"I give and bequeath to my son, G. W. Forsee, during his natural life, and at his death to his heirs, the farm upon which he now lives; which farm, together with the money and other valuables given to him by me, I value at $15,000.00.''

G. W. Forsee had only two children, Ira Lee Forsee and W. T. Forsee.

On December 29, 1906, Ira Lee Forsee and his wife, Stella B. Forsee, sold and conveyed their entire interest in the tract of land devised by J. S. Forsee in the above clause of his will, to appellee, W. T. Forsee, the consideration being the latter's note for $6,000.00, payable to Ira Lee Forsee, and due one day after date, with six per cent. interest thereon until paid. At the time this transaction took place, W. T. Forsee was an infant about seventeen and a half years of age.

On May 2, 1907, Ira Lee Forsee died, intestate, a resident of Jefferson County, Kentucky. Shortly thereafter his wife, Stella B. Forsee, was appointed and qualified as administratrix of his estate. After her qualification as administratrix she moved to Owen County, and has since been a resident of that county.

On the day after he arrived at age, appellee, W. T. Forsee, elected to disaffirm the transaction referred to, on the ground of infancy. He served written notice of such election upon Stella B. Forsee as administratrix of her husband's estate. At the same time he tendered a deed reconveying to her the interest conveyed by her husband and her to him. On the same day he brought this action against appellant, Stella B. Forsee, individually and as administratrix of Ira Lee Forsee, to have the note in question adjudged void and the deed canceled. After appellant's special demurrer to the jurisdiction of the Owen Circuit court was overruled, she filed an answer and counter-claim. In the answer she set forth the circumstances under which the transaction took place, and then asked for judgment on the note sought to be canceled and for the enforcement of the lien by which its payment was secured. Upon submission of the case upon the pleadings and exhibits, together with the admission that appellee was an infant at the time the note was executed, the trial court adjudged the note to be void, and ordered the deed to be canceled. From that judgment this appeal is prosecuted.

The trial court did not err in overruling appellant's special demurrer to the jurisdiction of the Owen Circuit Court. Appellee's action was in no sense a suit for a settlement of the estate of Ira Lee Forsee; and, as appellant not only resided in Owen County, but was served with process there, the Owen Circuit Court had jurisdiction to hear and determine the case.

The law is well settled, that an infant's contract, like the one under consideration, is voidable at his election, upon reaching the age of twenty-one years. (Watson v. Cross, 2 Duvall 147; Duvall v. Graves, 7 Bush 461; Breckenridge v. Ormsby, 1 J. J. Mar. 236; Butler v. Stock, 25 Ky. Law Rep. 1886.)

Here no ground of estoppel is relied upon. It is not claimed that appellee misrepresented his age. On the contrary, Ira Lee Forsee, his elder brother, knew that appellee, at the time of the transaction complained of, was an infant. That being true, appellee had a right to disaffirm the transaction upon reaching the age of twenty-one years. As the title to the note was in appellant, as administratrix of her husband's estate, it follows that notice of the disaffirmance was properly made to her, and the suit was properly brought against her.

The fact that those persons in whom the title to the land in question is now vested were not made parties to the suit and no tender of a deed was made to them, is no reason why appellee should be denied the relief prayed for. The judgment of the court cancelling the deed divests appellee of whatever title he acquired by the deed, and the title is now exactly where it would have been had no such transaction taken place. That being true, no one is in position to complain of the judgment.

Whether or not Ira Lee Forsee had an interest in the land in question, which he could have conveyed by deed, we deem it unnecessary to determine, for appellee had a right to disaffirm the transaction without regard to the validity of the title conveyed.

An attempt is made to charge appellee with fraud, and to impugn his motive in making the disaffirmance. The facts alleged, however, do not show any fraud upon his part; and, as he had a legal right to disaffirm, his motive is not a proper subject of inquiry.

Judgment affirmed.