BAKER *v.* PUCKETT.

Opinion delivered September 29, 1930.

*John Mayes* and *Karl Greenhaw,* for appellant.

*John R. Duty,* for appellee.

MEHAFFY, J. The appellants, who are residents of Washington County, Arkansas, filed suit against the appellee as administrator of the estate of John Puckett, deceased, to recover damages for personal injuries sustained by them in an automobile collision which occurred in Washington County on July 6, 1929. Appellee is a resident of Benton County. The appellants were in a car with Harvey Beachey at the time of the accident. Beachey was killed and appellants injured when the car they were in collided with the car driven by John Puckett. John Puckett was also killed in the collision. Com-

plaint was filed in the Washington Circuit Court, summons issued thereon to the sheriff of Benton County and was served on appellee in Benton County. No service was ever had in Washington County. After the death of John Puckett, his father, J. W. Puckett, appellee herein, was appointed, by the Washington County Probate Court, administrator of the estate of John Puckett, deceased.

Appellants allege that the collision was caused by the negligence and carelessness of John Puckett. Appellee filed a motion to quash the service of summons on the grounds that plaintiffs are residents of Washington County; that defendant is a resident of Benton County, and was at the time of filing the suit and had been at all times since; that the suit was filed in the Washington Circuit Court and summons issued and directed to the sheriff of Benton County and served on the defendant in Benton County; that the defendant has not been served with process in Washington County, and therefore the court was without jurisdiction.

The circuit court held that the suit was brought in the proper forum, but on account of the service in Benton County upon defendant as administrator, the same should be quashed and entered judgment quashing the service of summons. This appeal is prosecuted to reverse said judgment.

The only question for us to decide is whether an executor or administrator can be sued in a county other than the one in which he was appointed. If an executor or administrator can only be sued in the county in which he was appointed, then the service in this case in Benton County is a proper service. If, however, the action is transitory, so that suit may be brought in any county in which the defendant resides or is summoned, the service of summons in this case in Benton County was improper, and the judgment of the court quashing same is correct.

This court has many times held that actions for personal injuries, caused by negligence, are transitory. *St. L. I. M. & So. Ry. Co. v. Haist,* 71 Ark. 258, 72 S. W. 893;

*St. L.-S. F. Ry. Co.* v. *Pearson,* 170 Ark. 842, 281 S. W. 910; *Stewart* v. *B. & O. R. R. Co.,* 168 U. S. 445, 18 S. Ct. 105.

This action, being transitory, could be brought in any county where defendant resides or is summoned unless this action falls within the operation of some statutory provision making it local. Appellant contends that this is in reality a suit against the estate of John Puckett, and that the administrator is only a nominal party; that § 1176 of Crawford & Moses' Digest was intended to protect the real defendant and not a mere nominal defendant like an administrator. Appellant calls attention to and relies on 24 C. J., p. 768. The portion of the paragraph relied on reads as follows: "As a general rule, an executor or administrator cannot sue or be sued in any jurisdiction other than the one in which he was appointed." Several cases are cited as sustaining the text. All these cases show that this has reference to the State and not the county.

The first case cited is *Vaughan* v. *Northrop,* 15 Pet. (U. S.), p. 1. The court in that case said: "On the other hand, the administrator is exclusively bound to account for all the assets which he receives under and in virtue of his administration to the proper tribunals of the government from which he derives his authority; and the tribunal of the other States have no right to interfere with or to control the application of those assets, according to the *lex loci.* Hence it has become an established doctrine that an administrator appointed in one State, cannot, in his official capacity, sue for any debts due to his intestate in the courts of another State; and that he is not liable to be sued in that capacity in the courts of the latter, by any creditor, for any debts due there by his intestate."

Another case cited is *Bryan* v. *Curtis,* 30 App. (D. C.) 234, and the same principle is announced. *Johns* v. *Herbert,* 2 App. (D. C.) 485; *Plumb* v. *Bateman,* 2 App. (D. C.) 156, are to the same effect. The statute, § 1070,

expressly provides that actions for wrongs done to the person may be brought after the death of the wrongdoer against his executor or administrator. We have no statute requiring actions of this kind shall be brought in any particular county. Such actions may therefore be brought in any county in which the defendant resides or is summoned. Section 1176, C. & M. Digest.

"The executors are in a sense trustees, but not of the testatrix, who was no longer trustee or representative, but for the beneficiaries under the will and the heirs and creditors. No rule of law with which I am acquainted gives countenance to the idea that there is an official residence for an executor. In some States the venue of actions is specially declared to be where it would have been necessary to sue the deceased. We have no such law. At common law the executor was sued in transitory actions, where he resided." *Thompson* v. *Wood,* 115 Cal. 301, 47 Pac. Rep. 50; *McLeod, Ex.,* v. *Shelton & Minor,* 42 Miss. 517; *Osborn* v. *Lidy,* 51 Ohio St. Rep. 90, 37 N. E. 434; *Harris* v. *Blatt, Ex.,* 28 Penn. Dist. Rep. 11; *Forsee's Admr.* v. *Forsee,* 144 Ky. 169, 137 S. W. 836.

Under our statute, a person may be sued in any county in which he resides or is summoned. There is no exception made as to administrators, and, since we have no statute requiring an administrator to be sued in the county where the administration is pending, the general statute applies.

"There is no provision of the statute in this State fixing the official residence of administrators and executors, further than that the statute provides that a nonresident shall not be appointed either as an administrator or executor, and the sections of the revenue act to which reference has been made; they have no official residence. * * * If it were the law that an executor may not be sued out of the county issuing letters, an executor residing in another county might, by remaining out of such county, prevent the allowance of claims not presented until after claim day, as the administration act

does not authorize the issuance of summons for the executor on claims presented against the estate after claim day to any other county than the one in which letters were issued. We are not aware of any provision of the statute in Illinois changing the rule at common law in suits against executors." *People's Bank* v. *Wood,* 193 Ill. App. 442.

In discussing the question of venue, in suits against administrators, the Georgia Supreme Court said: "The suit does not fall within any of the excepted cases, and is against a sole defendant who does not reside in the county where the suit was brought in another county. The venue of such a suit is the county of defendant's residence. It makes no difference that he is sued as administrator, or that he was appointed administrator by the court of ordinary of the county where the suit is brought. The suit is against the defendant, though he is sought to be made liable only as administrator." *Long* v. *Stanford,* 135 Ga. 823, 70 S. E. 645.

This suit is against the defendant, and, although he is sought to be made liable only as administrator, he is nevertheless defendant, and, there being no special statute requiring suit to be brought in any particular county, the general statute controls, and he may be sued in the county of his residence or any county where he may be summoned. Suit in the instant case could have been brought in any county in the State where service of summons could have been had on defendant. It is not required to be brought in the county where the administrator was appointed. This is not a suit to settle the estate of a deceased person, and is not within the provisions of any special statute prescribing where suit must be brought.

In the American Law of Administration, by Woerner, vol. 2, p. 1267, it is said: "The venue or place where an action may be brought against the personal representative is mostly determined or influenced by the statutes of the respective States, but it is thought as a rule

the representative has no official residence and may be sued in the county where he resides or the administration is pending, or where he is accessible to service.''

We know of no statute or decision in this State contrary to the doctrine announced in the cases cited. Since this suit was brought in Washington County, it was necessary to serve the summons in Washington County. The suit, however, might be brought in any county where service could be had on the defendant.

The judgment of the circuit court is affirmed.