SHERRILL *v.* STEVENSON.

(*Nashville,* December Term, 1938.)

Opinion filed July 1, 1939.

R. E. Dotson, of Pulaski, for plaintiff in error.

David Cheatham, of Pulaski, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

The sole question for determination is whether an action of debt against an administratrix is local or transitory. The trial court held that it was local; the Court of Appeals that it was transitory. The question was raised by a plea in abatement, to which a demurrer was interposed.

The intestate lived and died in Giles County, in which county his administratrix qualified, although she was a resident of Lincoln County.

The creditor obtained a warrant at a time when the administratrix was in Lincoln County and had it served on her when she came into Giles County.

The only statutory provisions in this State relative to venue in such cases are the following:

8640. "In all transitory actions, the right of action follows the person of the defendant, unless otherwise expressly provided."

8641. "If the plaintiff and defendant both reside in the same county, such action shall be brought in the county of their residence."

■  Construing these statutes, it has been held that the presence of a defendant in the county, though not a resident, gives jurisdiction to the courts of the county if the suit be instituted and summons served upon him while he is in the county. *Haynes* v. *Woods*, 151 Tenn., 163, 268 S. W., 632; *Carlisle* v. *Cowan et al.*, 85 Tenn., 165, 2 S. W., 26.

■  In the case on trial the administratrix was not in Giles County at the time the suit was commenced, and the courts of that county acquired no jurisdiction unless such an action is local and can only be maintained in the county in which the estate is being administered.

In 67 C. J., 81, it is said:

"At common law the executor was sued, in transitory actions, where he resided. By statute cases of executors, administrators, guardians, and trustees are made exceptions to the general rule in reference to the venue of actions. They must be sued in the county where the estate is administered, no matter what may be the subject matter in controversy."

■ ■  In this State, however, we have no statute requiring suits against administrators to be instituted in the county where the estate is being administered. In the absence of a statute, we have found no case holding that such an action is local. Cases holding such actions transitory are *Baker* v. *Puckett*, 182 Ark., 265, 31 S. W. (2d), 286; *Young* v. *Wilson*, 183 Ga., 59, 187 S. E., 44; *State* v. *Bruce*, 334 Mo., 1107, 70 S. W. (2d), 854; *Thompson* v. *Wood*, 115 Cal., 301, 47 P., 50; *McLeod, Ex'r* v. *Shelton & Minor*, 42 Miss., 517; *Osborn* v. *Lidy*, 51 Ohio St., 90, 37 N. E., 434; *Harris* v. *Blatt, Ex'r*, 28 Pa. Dist. R., 11; *Forsee's Adm'x* v. *Forsee*, 144 Ky., 169, 137 S. W., 836.

The Texas Court of Civil Appeals in *Wolcott* v. *Hall*,

111 S. W. (2d), 1140, 1142, decided December 10, 1937, had under construction their statute of 1925, which provides:

"If the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, the suit may be brought in the county in which such estate is administered."

The court held that this statute was permissive and not mandatory, and did not prohibit a suit against an administrator in another county.

In *State ex rel. Logan* v. *Graper*, 155 Tenn., 565, 4 S. W. (2d), 955, this court held that a guardian could be sued in Shelby County, where she and her ward resided, although the estate came from her husband who was a resident of Henderson County at the time of his death, and in which county she qualified as guardian.

Counsel for defendant in error relies upon the following text in 24 C. J., 768:

"As a general rule, an executor or administrator cannot sue or be sued in any jurisdiction other than the one in which he was appointed."

Several cases are cited in support of the text. But, as stated by the Supreme Court of Arkansas in *Baker* v. *Puckett, supra*, "all these cases show that this has reference to the State and not the county."

There is no error in the judgment of the Court of Appeals; hence the writ will be denied.