GOCIO *v.* SEAMSTER, CHANCELLOR.

4-6656                                    160 S. W. 2d 197

Opinion delivered March 2, 1942.

*Triplett & Williamson,* for petitioners.

*Vol T. Lindsey,* for respondent.

McHANEY, J.   This is a petition for a writ of prohibition to the Benton chancery court, and grows out of substantially the same facts stated in case No. 6656, this day decided, *ante,* p. 937, 160 S. W. 2d 197.

On February 15, 1941, Maggie Gocio, widow, and Amelia Hardister, daughter by Maggie of B. L. Gocio, deceased, filed suit in the Benton chancery court against Joseph and Charles Gocio personally and as executors of the estate of B. L. Gocio.   The complaint in this action is substantially the same as the exceptions filed to the two accounts rendered in the probate court by petitioner, and we will not again set them out here.   Service was had on Charles Gocio in Benton county and service was had on Joseph in Lincoln county, where he resides.   Petitioner appeared specially in this action and filed motion to quash the service upon him, had in Lincoln county, because the complaint does not state a joint cause of action against him and Charles.   The court overruled the motion, and petitioner brought this proceeding in this court.

The action in the chancery court was one to try title to property in dispute in the probate court and to require

settlement and distribution of the estate. In an action to settle an estate, the venue is in the county where the administration is pending. Pope's Digest, § 1389. And by § 1390, it is provided: "An action for the distribution of the estate of a deceased person, or for its partition among his heirs, or for the sale of real property must be brought in the county in which his personal representative was qualified." See *Gordon* v. *Howell*, 35 Ark. 381; *Cowling* v. *Nelson*, 76 Ark. 146, 88 S. W. 913; *Baker* v. *Puckett*, 182 Ark. 265, 31 S. W. 2d 286. In *Baker* v. *Puckett, supra*, which was a suit by Baker for damages, against the estate represented by Puckett for personal injuries received in an automobile collision, we held that the action was transitory and that the administrator not served in the county of his appointment could not be sued therein, but only where service could be had.

The action here concerns directly the proper administration of the estate of B. L. Gocio, pending in the probate court of Benton county, and in which latter court petitioner has refused to account for certain assets presumptively belonging to his testator, but title to which is claimed by him. He insists that the probate court cannot settle the dispute, and that he cannot be forced to trial in the Benton chancery court because of his residence in Lincoln county, and that the widow and heirs living in Benton county must bring their action against him in Lincoln county. We cannot agree with him. This action is local and not transitory, made so by the statutes above mentioned, so the writ will be denied.

It is so ordered.