HENRY DENNY, Adm'r, of the Estate of Olin Oscar Dobbs,
Deceased, v. JAMES R. WEBB, Adm'r, of the Estate
of Wylie Milton Austin, Deceased.

(*Nashville,* December Term, 1954.)

Opinion filed August 2, 1955.

GEORGE S. BUCKNER, and JAMES W. BUCKNER, both of Murfreesboro, for petitioner.

MCALLEN FOUTCH, of Smithville, and JOHN R. RUCKER, of Murfreesboro, for respondent.

Mr. Justice Burnett delivered the opinion of the Court.

Dobbs and Austin were both killed in the same automobile accident. The respective administrators mentioned in the caption hereof qualified in their respective estates. Dobbs was the guest of Austin and his administrator had sued Austin's administrator who was the host driver at the time these young men met their deaths.

The suit between these parties was first filed in DeKalb County, Tennessee, but the DeKalb County suit was non-suited on August 8, 1952, and immediately thereafter the present suit was filed in Rutherford County, Tennessee. There were certain preliminary pleas to this Rutherford County suit which were determined against the defendant, respondent here, and the defendant was required to plead specially. Among the other special pleas filed was this: "This defendant for further plea to the plaintiff's declaration says that the plaintiff's right of action accrued more than one year before this suit was brought."

Some of the other pleas filed, as required in the order requiring the defendant to plead specially under Code Section 8767, were on motion of the plaintiff struck and other pleas substituted therefor. The principle ground of the motion to strike these special pleas, that were struck, was that they merely were pleading what amounted to the general issue. Insofar as the present case is concerned it is not necessary for us to note what happened to the plea in abatement filed as the case went off in the Court of Appeals by that court dismissing the suit and sustaining the plea of the statute of limitations above quoted.

After these pleas had been filed the case was tried on the merits. And at the conclusion of the plaintiff's proof the defendant moved the court for a directed verdict in his favor on several grounds, among which was the plea of the one year statute above quoted. This motion was overruled by the trial judge and the case went to the jury. The jury could not agree so an order of mistrial was entered. The record made up in this trial was preserved by a way-side bill of exceptions, so that the defendant if he were cast in the cause might review the judgment of the court in refusing to direct a verdict in his favor on that trial.

At a subsequent trial the jury returned a verdict in favor of the plaintiff in the sum of $7,000 and judgment was rendered thereon and an appeal prayed to the Court of Appeals.

As heretofore said that Court held that the trial court was in error in not directing a verdict at the conclusion of this first trial because the action of the plaintiff was barred by the one year statute of limitations. We now have the matter on certiorari. Able briefs have been filed and excellent arguments heard and the matter is now before us for disposition.

In actions for wrongful death our one year limitation statute, Code Section 8595, is applicable and if the statute of limitations is properly plead the cause of action is barred after one year from the time the "cause of action accrued". Code Section 8572 provides in substance that if the action is commenced within the time limited by the rule of the statute of limitations as above mentioned and that suit then is dismissed for any reason "not concluding his right of action" then "a new action within one year after the reversal or arrest" may be commenced.

In the present case the stipulation of fact filed herein admits that a "similar declaration, was originally instituted and filed in the Circuit Court of DeKalb County, Tennessee, and was non-suited on the 8th day of August, 1952, before suit was instituted in Rutherford County, (the suit now under consideration) after a general issue plea had been filed by the defendant, James R. Webb, Admr.; that hereafter the suit was instituted in this Rutherford County Circuit Court in the name of the same plaintiff, for the use and benefit of the same persons, etc." The declaration in the present suit contains this statement to wit: "This suit was originally instituted in DeKalb County and non-suit taken 8th day of August 1952." The record shows that the present suit was filed the same day in Rutherford County, that it was dismissed in DeKalb County. The proof shows and the declaration avers that the accident in which these two young men met their deaths occurred on July 6, 1951. There is no averment in the declaration nor is any proof offered in the present case as to when the declaration was filed in DeKalb County. It is on such a state of facts that the Court of Appeals sustained the plea of the statute of limitations of one year set out in the outset of this opinion.

This plea of the statute is clearly insufficient as to the present suit, that is, as to the one year requirement of Code Section 8572 which is the section requiring the new action to be instituted within a year from the dismissal of the other action. This action, under the averment of the declaration, stipulation and showing on record was instituted within one year from the dismissal of the first suit and thus clearly under the authority of *Southern Railroad Co.* v. *Harris,* 101 Tenn. 527, 47 S. W. 1096, and *Holliston Mills of Tennessee* v. *McGuffin,* 177

Tenn. 1, 8, 9, 145 S. W. (2d) 1, 146 S. W. (2d) 357, was sufficient.

The plaintiff's first right of action must be brought within one year from the date of the occurrence of the accident or within one year from July 6, 1951, otherwise, if properly pleaded Code Section 8595 would bar this action. The stipulation agrees that a cause of action was originally brought and that the present suit, in which the question arose, had been brought immediately after taking a non-suit in the original suit which non-suit was taken on August 8, 1952. Of course at that time, that is, August 8, 1952, the plaintiff's first right of action would have been barred under Code Section 8595. The new right of action was created by Code Section 8572. This new action was brought within one year from the dismissal of the original action. It seems to us that these Code Sections relate to separate and distinct actions and that when the defendant plead in the present action, that is, the second action that "the plaintiff's right of action accrued more than one year before this suit was brought" clearly this plea referred to the present action and not the action that had been formerly instituted for the same cause in DeKalb County. Therefore under the authority of *Southern Railroad Co.* v. *Harris,* supra, this cause of action is not barred and did not require the offering of any proof thereon by the plaintiff.

■■ The defendant was required to plead specially and specifically under Williams Code Section 8767. It will be remembered that the stipulation of the parties is that to the first suit, not the present suit, there was filed only a plea of the general issue. This plea of general issue clearly negatives the fact that the first suit filed was filed after a year from the time of the accident. In order to rely on the bar of the statute of limitations an affirma-

tive plea must be affirmatively plead by some appropriate plea. If the statute is not plead in proper time and manner it is deemed waived and cannot be set up as a defense. *Henderson* v. *Henderson,* 158 Tenn. 452, 14 S. W. (2d) 714. Since the stipulation shows that to this first suit a plea of the general issue had been filed, and there is no claim or showing that a plea of the statute of limitations was filed in this suit, then the inference clearly is to be drawn that the first suit was filed within the year. Able counsel certainly would have plead the statute to the first suit if it had not been filed in time.

When the defendant was required to plead specially he was required to expressly state all substantive facts relied on as a defense. He stated in his first pleas or denied every conceivable thing that one might think of. Some of these pleas were stricken because they were merely doing what could be done under the general issue. Even in the amended pleas pleading specifically there is no mention anywhere at all that the first suit was not filed within a year from the date of the accident. The only thing at all in these special pleas concerning the statute of limitations is this plea of the statute of limitations which is that suit was not brought within "one year before this suit was brought" clearly referring to the present suit. The plea was not at all like the plea in the *Holliston Mills* v. *McGuffin,* supra, [177 Tenn. 1, 145 S. W. (2d) 4], which was that " 'the plaintiff's alleged cause of action, if any, accrued more than one year before the institution of this suit, and more than one year before the institution of his original suit, * * *.' " The court there held that that plea was insufficient.

This Court many years ago in *Provident Life & Accident Ins. Co.* v. *Prieto,* 169 Tenn. 124, 159, 83 S. W. (2d) 251, 264 among other things said that one of the

purposes of this special plea was "to enable a plaintiff to be forewarned of every matter of defense intended to be relied on by a defendant, and to require a defendant to make explicit all matters of defense which otherwise would be implicit in pleas of the general issue". In *Creekmore* v. *Woodard,* 192 Tenn. 280, 285, 241 S. W. (2d) 397, 399, we said that when such a special plea is required under Code Section 8767 that the general issue is abolished "and he must plead specially not only every affirmative defense upon which he expects to rely, but likewise he must specially and expressly make denial of those substantive allegations of the declaration which he plans to deny as a part of his defense." It seems to us that this being the law (it is indeed reasonable and fair) that after the original suit was filed and plead to generally, a nonsuit taken and the present suit instituted in which the defendant is required to plead specially that clearly the meaning of this pleading specially is that if the defendant questioned the first suit having been filed within the year that it was necessary that the defendant specifically point this out, otherwise his plea would be insufficient. All defenses must be pinpointed. Ambiguous defenses will be resolved against the pleader. Not having plead this specifically he cannot controvert the inference that the first suit was filed within a year. This inference can be drawn under the admitted facts of the stipulation and other pleadings herein.

The respondent to the petition for certiorari, James R. Webb, Administrator, under Rule 13 of this Court has likewise assigned error herein. This error is that the Court of Appeals erred in sustaining the trial court's action wherein the trial court sustained a demurrer to the defendant's plea in abatement to the jurisdiction of

the suit in Rutherford County. The matter has been briefed and ably argued before this Court.

By stipulation it is shown that the plaintiff administrator lived in Putnam County; the defendant administrator lived in DeKalb County and the cause of action happened in Willson County. The suit was instituted in Rutherford County where the defendant administrator was at the time suit was instituted. The beneficiaries of the plaintiff administrator lived in DeKalb County or the same County in which the defendant administrator lived.

The plea in abatement is grounded on these facts, that is, that the beneficiaries of the plaintiff administrator and the defendant administrator both lived in the same County. It being ably contended that the jurisdiction of the suit was thus in DeKalb County under the provisions of Williams Annotated Code Section 8641 which provides:

"If the plaintiff and defendant both reside in the same county, such action shall be brought in the county of their residence."

It will be remembered that all actions originally were local and could be tried only in the County wherein the cause of action arose, by a later development, if the cause of action could have arisen anywhere whatsoever, it was termed transitory, and suit might be brought thereon, in the absence of any statutory restrictions (we have none other than that above quoted), in any County wherein the defendant could be found. *Nashville v. Webb,* 114 Tenn. 432, 85 S. W. 404, 4 Ann. Cas. 1169. Our Code Section 8640 provides that actions may be brought where the defendant is found. An action for personal injuries or wrongful death as this one is a transitory action and may be brought where the defendant is

found unless it is controlled by the statute above quoted, 8641. In such an action the venue is immaterial and the person whose wrongful act caused the injury sued for may be sued wherever he can be found. *Whitlow* v. *Nashville, Chattanooga & St. Louis R. R.*, 114 Tenn. 344, 84 S. W. 618, 68 L. R. A. 503.

■ The argument to this assignment of error now being considered is that by reason of the fact that parties interested in recovery, if any is had by the plaintiff administrator, or the next of kin of the deceased who live in the same County in which the defendant administrator lives and therefore the venue of the action is controlled by the Code Section above quoted, 8641. To this we cannot agree. In the first place this Court in *Sherrill* v. *Stevenson*, 174 Tenn. 672, 130 S. W. (2d) 110 held that where an administrator is sued for a debt that the action is transitory and may be maintained in the County where the administrator is found. The Court there (we concede that the same proposition exactly as involved in the instant case is not involved in this case) went on to reason and show that in the absence of a statute an administrator might be served in the County in which he is found such a suit against him being a transitory action.

The main reason though is that this section which provides that where they both, plaintiff and defendant, reside in the same County that that is the County of action, this language is and the reason for this is that where the parties to the action, that is, the witnesses, etc., to the action live in the same County the action must be brought there because it would not be fair to have to catch the defendant off in some foreign County and require the witnesses to be taken from this County where both parties lived to a foreign County. This Court considered these questions at length in *Tims* v. *Carter*, 192

Tenn. 386, 241 S. W. (2d) 501; *Thomas* v. *Altsheler,* 191 Tenn. 640, 235 S. W. (2d) 806, 808. In those two opinions the reasoning applied applies equally here in showing that the Code Section here relied upon, 8641, does not control this cause of action. The Code Section 8641 is not grounded upon the fact of who is to be the beneficiary of a recovery but is grounded upon the fact that where the parties live, where both parties live in that County that is the County of action for the obvious reason that they would not have to run all over the State and take the witnesses there to try the lawsuit. It is not the recovery but the trial of the law suit that this venue statute is enacted for. We quote in *Thomas* v. *Altsheler,* supra, from a prior opinion of this Court as follows:

" 'These provisions (referring to Code Sections 8640 and 8641) evince a legislative purpose to localize transitory actions. If both parties reside in the county the action must be brought there and tried in courts *convenient to litigants and witnesses.* Otherwise the action follows the defendant.' "

And again we said in this case:

"In the first place all the witnesses, those to the terrain, the roads and to the accident, outside of the actual parties involved in the litigation, can more readily be obtained in the County in which the accident happened. This, too, seems somewhat back of the principle that the Legislature had in mind when they enacted Code, Section 8641 requiring the suit to be brought in the County where both parties lived. Of course in Code, Section 8640 the plaintiff had the right to sue in the County in which he found the defendant. It certainly would seem rather unreasonable and would be making quite a hardship on witnesses and those not parties to the litigation who might be

required under the theory of the plaintiffs herein to go from one extreme end of the State to the other.''

We have in addition to the very able briefs of counsel and the arguments herein made an extensive investigation on this question. We come up with the answer above. As a result our conclusion is that the Court of Appeals and the trial court reached the correct conclusion on this question. This assignment therefore must be overruled.

It results that the judgment of the Court of Appeals must be reversed and the cause remanded to that Court for further proceedings under the appeal originally to that Court.