STROHMEYER & ARPE CO. v. AMERICAN LINE S. S. CORPORATION et al.

District Court, S. D. New York. Jan. 25, 1937.

Bigham, Englar, Jones & Houston, of New York City (Ezra G. Benedict Fox, of New York City, of counsel), for libelant.

Burlingham, Veeder, Clark & Hupper, of New York City (John L. Galey and Norman M. Barron, both of New York City, of counsel), for respondents.

COXE, District Judge.

When this case was before the trial judge, it was shown conclusively that the missing packages had never been actually delivered to, or received by, the respondents. It was readily apparent, therefore, that the respondents could not be held liable for refusing to deliver what they had not received. Missouri Pac. R. Co. v. McFadden, 154 U.S. 155, 14 S.Ct. 990, 38 L.Ed. 944. And the judge made it perfectly clear in his opinion that the libelant could recover only such damages as might be proved under section 22 of the Bill of Lading Act, as amended by Act March 4, 1927, § 6, 44 Stat. 1450 (49 U.S.C.A. § 102).

There is nothing in the interlocutory decree which conflicts with this interpretation of the decision; it merely holds that the respondents are liable for "the amount of libelant's damages arising out of the matters set forth in the libel"; and there is the usual direction for an assessment by the commissioner.

The commissioner treated the case as one of failure to deliver, and assessed the damages accordingly. This, clearly, was not in accordance with the judge's decision, which allowed a recovery only under section 22 of the Bill of Lading Act (as amended). Nor is it justified by the uncontradicted facts of the case.

The only damages which can be recovered under section 22 of the Bill of Lading Act (as amended) are such as may have resulted from reliance on the description of the goods appearing in the bill of lading. The whole basis of the liability is estoppel, and unless something was advanced, or some loss sustained, on the faith of the recitals of the bill, there can be no recovery. 10 Corpus Juris, p. 196.

This is clear not only from the express language of section 22, but from its history. Prior to the enactment of the section in 1916, it was the settled law of the federal courts that a bona fide purchaser of a bill of lading could not recover against a carrier, where no merchandise had been received, and where the bill was fraudulently issued by one of the carrier's own agents. Friedlander v. Texas & P. R. Co., 130 U.S. 416, 9 S.Ct. 570, 32 L.Ed. 991; Missouri Pac. R. Co. v. McFadden, 154 U.S. 155, 14 S.Ct. 990, 38 L.Ed. 944. The rule was otherwise in New York (Bank of Batavia v. New York, L. E. & W. R. Co., 106 N.Y. 195, 12 N.E. 433, 60 Am.Rep. 440) and in a number of other states. 10 Corpus Juris, p. 196. Section 22 merely changed the federal rule so as to make it conform to what had been generally understood to be the law of New York. Gleason v. Seaboard Air Line R. Co., 278 U.S. 349, 49 S.Ct. 161, 73 L.Ed. 415. It did not, however, affect the essential nature of the liability as being grounded in estoppel.

In the present case, the proof is entirely lacking that the libelant advanced anything of value, or sustained any loss, on the faith of, or in the reliance on, the description of the goods in the bills of lading. Moreover, the consignee named in the bills was merely a "representative" or "sales agent" for the libelant; and it is evident that the consignee stood completely in the libelant's shoes. There is no contention,

either, that the consignee gave any "value in good faith, relying upon the description" in the bills "of the goods." Section 22, Bill of Lading Act (as amended). I do not think, therefore, that the libelant has shown any damages under the only theory on which the case was originally decided by the trial judge.

It follows that the respondents' exceptions to the portions of the commissioner's report dealing with the amount and character of the damages recoverable must be sustained, and the report denied confirmation.