AGAR PACKING AND PROVISION COMPANY, a Corporation, With Its Situs at Chicago, Illinois, Appellee, v. CLIFF WELDON, a Citizen and Resident of Weakley County, Tennessee, d/b/a Argo-Collier Truck Lines, Appellant.—300 S. W. (2d) 51.

Western Section. November 28, 1956.

Petition for Certiorari denied by Supreme Court February 8, 1957.

Luke Hannings, Martin, for appellant.

Hudgins & Hudgins, Union City, for appellee.

BEJACH, J. This cause involves an appeal by the defendant, Cliff Weldon, d/b/a Argo-Collier Truck Lines, from a decree against him in the sum of $206.82.

For convenience the parties will be styled as in the lower court, complainant and defendant, the appellant in this Court, Cliff Weldon, having been the defendant in the lower court, and the appellee, Agar Packing and Provision Company, the complainant there.

Complainant, a wholesale dealer in Chicago, Illinois, on or about August 7, 1950 delivered to the agent of defendant for shipment to the Russell Company at Jackson, Mississippi a number of cartons of refined lard, smoked meat, and cooked meat. Defendant's agent delivered to complainant a bill of lading which evidenced receipt of this shipment. The bill of lading correctly identified all of the shipment except the cases of cooked meats which contained prepared hams. With reference to these cases of cooked meats, the bill of lading showed 15 cases of cooked meats weighing 1,263 pounds. This was an error, as 20 cases of cooked meats weighing 1,263

pounds were, in fact, delivered to defendant for shipment. The complainant's proof consisted of depositions taken on interrogatories. The defendant's proof consisted of the testimony of witnesses examined orally in open court before the Chancellor.

There is no conflict in the evidence, which establishes that 20 cases of Pullman hams were, in fact, shipped and that the weight of 1,263 pounds shown on the bill of lading is correct for 20 cases of such hams, but would be excessive by 283½ pounds plus the weight of the containers, for 15 cases of such hams. The proof also establishes that when the shipment was delivered to Russell and Company in Jackson, Mississippi, there were on the truck five additional cases of hams which were not delivered, the driver of the truck refusing to deliver same because not called for by the bill of lading or delivery ticket. The driver in question, as is shown by the proof, was not a regular employee of defendant, and his whereabouts could not be ascertained at the time of the trial. Neither this driver nor the five cases of hams have been heard from since the delivery of the remainder of the shipment to the Russell Company in Jackson, Mississippi.

The defendants, as appellant, has filed five assignments of error in this Court. These five assignments, however, present only two questions for determination by this Court, viz:

1st. Whether or not complainants are bound by the recital in the bill of lading that only 15 cases of hams were shipped.

2nd. Whether or not the Chancellor erred in overruling exceptions to the depositions offered in evidence by complainant.

Defendant's counsel contends that the bill of lading here involved is a contract which cannot be varied by oral testimony; and that, as this case involves an interstate shipment, it must be controlled by the federal statutes and decisions construing same. He cites in support of his contention the case of Northern Pacific Ry. Co. v. Wall, 241 U. S. 87, 92, 36 S. Ct. 493, 60 L. Ed. 905, The Federal Interstate Commerce Act, 49 U. S. C. A. sec. 1, The Federal Bill of Lading Act, 49 U. S. C. A. secs. 82-89, and the cases of Kemper Mills & Elevator Co. v. Hines, 293 Mo. 88, 239 S. W. 803, Stella Cheese Co. v. Chicago, St. P., N. & O. Ry. Co., 1946, 248 Wis. 196, 21 N. W. (2d) 655, Strohmeyer & Arpe Co. v. American Line S. S. Corp., D. C., 19 F. Supp. 188, 189, and St. Louis I. M. & S. R. Co. v. Starbird, 243 U. S. 592, 37 S. Ct. 462, 61 L. Ed. 917.

So far as the bill of lading involved in this cause is considered or treated as a contract, the authorities cited by defendant are applicable and in point; but the bill of lading is not only a contract, it is also a receipt; and, with reference to that aspect of the situation, these authorities are not controlling.

On this subject, 9 Am. Jur., Carriers, sec. 425, p. 680, is as follows:

"So far as a bill of lading is a receipt, it has the same character as other receipts and is subject to the same principles of law. There is no more solemnity in its execution nor any more importance to be attached to it than to other instruments of a like character. It may be stated generally that the receipt clauses in a bill of lading are subject to explanation, variation, or contradiction by parol evidence, as the

general rule applicable to the admissibility of parol evidence to vary a written contract is not applicable to such clauses. The fact that both a contract and a receipt are embodied in the same instrument forms no reason why they should be regarded as differing in effect from similar instruments executed in an independent form."

Numerous authorities are cited to support this text.

On the same subject, discussing the matter with more particularity, 9 Am. Jur., Carriers, sec. 426, p. 681, says:

"As between the shipper and the carrier, in the absence of any express stipulation between the parties affecting the conclusiveness of the bill of lading, parol evidence is ordinarily admissible to show that there is a mistake in the statement in the bill as to the quantity of goods received, and that the quantity specified in the bill is greater than the quantity actually received. Especially is this rule true where a bill of lading acknowledges the receipt of a certain quantity of goods which is in sealed packages when delivered to the carrier, or where a bill of lading by its terms indicates that there is some uncertainty as to the quantity."

In the case of Strohmeyer & Arpe Co. v. American Line S. S. Corp., D. C., 19 F. Supp. 188, when it was appealed to the Circuit Court of Appeals of New York, it was held by that court that parol evidence is admissible to show that only part of the shipment designated in the bill of lading was received by the carrier, and that missing merchandise was never received. Strohmeyer & Arpe Co. v. American Line S. S. Corp., 2 Cir., 97 F. (2d) 360. The case at bar presents the converse of that

situation.  Another holding that a bill of lading, when considered as a receipt for goods, may be contradicted by parol evidence is the case of The Isle De Panay, 2 Cir., 1923, reported in 292 F. 723 and affirmed by the Supreme Court of the United States in 267 U. S. 260, 45 S. Ct. 269, 69 L. Ed. 603.

■ So far as the liability of the defendant in this cause is concerned, we think the appeal is without merit, and all of the assignments of error dealing with that phase of the case, same being Assignments 1, 3, 4, and 5, are overruled.

There remains the question of the Chancellor's ruling on exceptions to the depositions filed by complainant which is challenged by assignment of error No. 2.

Defendant undertook to except, at the hearing, to the admissibility of the depositions taken by complainant, and objected to the admissibility of same in evidence, without having previously filed exceptions or having taken same up before the Clerk and Master.  The Chancellor overruled and disallowed these exceptions, and we think his ruling on the subject was correct.

. Section 5 of rule II of the Statutory Rules of Practice in Chancery Courts, as set out in Tenn. Code Ann., sec. 21-1401, provides:

"Sec. 5. All exceptions to depositions for want of notice, because not filed within proper time, or for other cause going to the admissibility thereof, except objections to the competency of the witness or his evidence, shall be made before the Clerk within thirty (30) days after the depositions are filed; and where the case is reached on the trial docket for

trial before the thirty (30) days shall have expired, then the exceptions must be made and disposed of before the cause is heard or tried. It is the duty of the Clerk to act on the exceptions forthwith; and from his decision an appeal lies to the Chancellor, to be disposed of before the cause is heard or tried."

On this same subject, under Chapter 9 of the Tenn. Code Ann., headed Depositions, at sec. 24-935, the following provision is made:

"Time for making exceptions.—All exceptions to depositions for want of notice, because not filed in reasonable time, or for other causes going to the admissibility thereof, except objections to the competency of the witness or his evidence, shall be made and disposed of before the commencement of the hearing or trial, otherwise they will be considered as waived."

These stautory provisions are in harmony with early decisions of our Supreme Court. See Darnell v. Bullock, 54 Tenn. 365, 366; Susong v. Ellis, 58 Tenn. 80; Taylor v. Mayhew, 58 Tenn. 596; and Railroad v. Harris, 101 Tenn. 527, 47 S. W. 1096.

We think all of the equities are with the complainant in this cause. For the reasons hereinabove stated, the decree of the Chancellor will be affirmed, and a decree will be entered here in favor of complainant and against the defendant for the amount decreed by the Chancellor, together with interest thereon from June 8, 1956, the date on which the decree was entered in the lower court.

The costs of this Court and of the lower court will be

adjudged against the defendant as appellant and his sureties on the appeal bond.

Avery, P. J. (Western Section), and Carney, Judge.

We concur in this entire opinion and result, except the applicability of sec. 5 of Rule 2 of the statutory rules of practice in the Chancery Court, as set out in T. C. A., secs. 21-1401 and 24-935. We think the Chancellor correctly overruled the exceptions complained of because no reason was assigned therefor.