# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 8, 2013 Session

## BOBBY J. BYRGE, ET AL. v. PARKWEST MEDICAL CENTER, ET AL.

### Appeal from the Circuit Court for Knox County
### No. 1-226-12      Dale Workman, Judge

### No. E2013-00927-COA-R3-CV-FILED-JANUARY 30, 2014

After taking a non-suit, Bobby J. Byrge, individually and as next of kin for the decedent Julia Kay Byrge, and the Estate of Julia Kay Byrge ("Plaintiff") filed a second healthcare liability suit against Parkwest Medical Center ("Parkwest") and Dr. John C. Showalter, M.D.[1] Parkwest filed a motion to dismiss, and after a hearing, the Trial Court granted Parkwest's motion finding and holding that Plaintiff's suit was barred by the statute of limitations. Plaintiff appeals to this Court asserting that his suit was not barred as he was entitled to rely upon Tenn. Code Ann. § 28-1-105, the saving statute. We affirm finding and holding, as did the Trial Court, that Plaintiff's first suit was not timely filed because Plaintiff did not comply with Tenn. Code Ann. § 29-26-121, and, therefore, Plaintiff could not rely upon Tenn. Code Ann. § 28-1-105 to save his second suit.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
### Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Dail R. Cantrell, Clinton, Tennessee, for the appellants, Bobby J. Byrge, individually and as next of kin for the decedent Julia Kay Byrge, and the Estate of Julia Kay Byrge.

F. Michael Fitzpatrick and Rachel Park Hurt, Knoxville, Tennessee, for the appellee, Parkwest Medical Center.

---

[1]The Trial Court entered an order on March 22, 2013 granting Dr. Showalter's motion to dismiss dismissing Plaintiff's claims against Dr. Showalter with prejudice. Dr. Showalter is not involved in this appeal.

## OPINION

## Background

This healthcare liability action stems from the care and treatment that Julia Kay Byrge ("Deceased") received after she presented to the emergency room at Parkwest on September 25, 2009.[2] Deceased was admitted to Parkwest and diagnosed with acute pancreatitus and abdominal pain. Deceased went into cardiopulmonary arrest on September 26, 2009. She remained in critical condition until her death on October 4, 2009.

Plaintiff filed his first healthcare liability complaint on December 10, 2010 ("First Complaint"). Prior to filing his First Complaint, Plaintiff sent notice of the suit to Parkwest by a letter dated September 20, 2010 accompanied by a medical authorization form. Plaintiff admitted, however, that the medical authorization form which accompanied the September 20, 2010 letter was not HIPPAA compliant and did not comply with Tenn. Code Ann. § 29-26-121 because it did not authorize release of information to Parkwest and because it stated that it expired on October 4, 2009 almost one year prior to its mailing with the September 20, 2010 letter. Plaintiff also admitted that his First Complaint did not state whether Plaintiff had complied with Tenn. Code Ann. § 29-26-121(a) or provide the documentation specified in Tenn. Code Ann. § 29-26-121(a)(2), as is required by Tenn. Code Ann. § 29-26-121(b).

Parkwest filed a motion to dismiss Plaintiff's First Complaint or for summary judgment. Plaintiff filed a motion for voluntary nonsuit without prejudice. After a hearing, the Trial Court entered its Order Granting Plaintiff's Motion For A Voluntary Dismissal Without Prejudice on August 9, 2011 granting Plaintiff a voluntary dismissal of his First Complaint. The Trial Court did not hear or rule upon Parkwest's motion.

Plaintiff filed his second healthcare liability complaint on May 4, 2012 ("Second Complaint"). Parkwest filed a motion to dismiss Plaintiff's Second Complaint. After a hearing, the Trial Court entered an order on February 13, 2013 granting Parkwest's motion to dismiss. The February 13, 2013 order states, in pertinent part:

> The Court found that the original lawsuit filed by Plaintiff was not timely filed because the Plaintiff failed to comply with the mandatory dictates of T.C.A. § 29-26-121; that the Plaintiff had admitted in the pleadings filed in both the original lawsuit and in the present lawsuit that the requirements of T.C.A. §

---

[2]The facts in this paragraph are taken from Plaintiff's Second Complaint, and are discussed only to provide background to place the issues on appeal into context.

29-26-121 had not been met; that the Plaintiff made no showing of extraordinary cause to excuse compliance; that the voluntary dismissal taken by Plaintiff in the original case could not correct the deficiencies; and the Plaintiff could not rely upon T.C.A. § 28-1-105 (Savings [sic] Statute) for the filing of the present Complaint. Therefore the Complaint should be dismissed on the basis that the claims of Plaintiff are barred by the applicable statutes of limitation.

Plaintiff appeals to this Court the dismissal of his claims against Parkwest.

## Discussion

Although not stated exactly as such, Plaintiff raises three issues on appeal: 1) whether Parkwest waived the defense of the statute of limitations in the first suit; 2) whether the Trial Court erred in looking to the first suit when it dismissed Plaintiff's second suit; and, 3) whether the Trial Court erred in dismissing Plaintiff's second suit after finding that it was barred by the statute of limitations.

We first consider whether Parkwest waived the defense of the statute of limitations in the first suit. Plaintiff argues that under Tenn. R. Civ. P. 8.03 the statute of limitations constitutes an affirmative defense that must be pled, and Plaintiff argues that Parkwest did not plead the statute of limitations in response to Plaintiff's First Complaint. Plaintiff, therefore, asserts that Parkwest waived this defense in the first suit. We disagree.

We note that Tenn. R. Civ. P. 12.08 provides:

**12.08. Waiver of Defenses.** – A party waives all defenses and objections which the party does not present either by motion as hereinbefore provided, or, if the party has made no motion, in the party's answer or reply, or any amendments thereto, (provided, however, the defenses enumerated in 12.02(2), (3), (4) and (5) shall not be raised by amendment), except (1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the defense of lack of capacity, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and except (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. The objection or defense, if made at the trial, shall be disposed of as provided in Rule 15 in the light of any evidence that may have been received.

-3-

Tenn. R. Civ. P. 12.08. With regard to the defense of the statute of limitations, this Court stated in *Steed Realty v. Oveisi*:

> The rule in Tennessee is that if the statute of limitations is not pleaded within the proper time and in the proper manner, it is deemed waived and cannot be relied upon as a defense. *Denny v. Webb*, 199 Tenn. 39, 281 S.W.2d 698 (1955). T.R.C.P. Rule 12. . . . However, in Tennessee it is a matter of discretion whether the court will allow the filing of a plea of the statute of limitations after the trial has begun. *Nunnelly v. Southern Iron Co.*, 94 Tenn. 397, 29 S.W. 361 (1895).

*Steed Realty v. Oveisi*, 823 S.W.2d 195, 197 (Tenn. Ct. App. 1991).

Pursuant to Tenn. R. Civ. P. 12.08, Parkwest could have presented its defense of the statute of limitations in the first suit in a motion, in its answer, or in an amendment to its answer. Even if Parkwest had not presented the defense of the statute of limitations in its answer to Plaintiff's First Complaint, as Plaintiff asserts happened, Parkwest could have moved to amend its answer. In fact, the Trial Court, in its discretion, could have allowed Parkwest to amend its answer to include the defense of the statute of limitations even after a trial had begun. Given all this coupled with the fact that Plaintiff took a voluntary non-suit early on in the proceedings, we cannot say that Parkwest waived its right to present the defense of the statute of limitations in the first suit.

We next consider whether the Trial Court erred in looking to the first suit when it dismissed Plaintiff's second suit. In essence, Plaintiff argues in his brief on appeal that: "Nothing in the Tennessee Medical Malpractice Act limits a plaintiff's right to voluntarily dismiss his or her lawsuit under Tenn. R. Civ. Proc. 41.01 and later re-file it." Plaintiff also asserts that: "The present suit was filed within one year of dismissal of the original lawsuit, as permitted under the Tennessee Savings [sic] Statute."

We agree that Plaintiff's Second Complaint was filed within one year of dismissal of the first suit. The real issue, however, is whether Plaintiff's First Complaint was filed within the statute of limitations. If Plaintiff did not file his first suit within the statute of limitations, then Plaintiff would be unable to rely upon Tenn. Code Ann. § 28-1-105 to save his cause of action. In order to determine if Plaintiff met the statute of limitations in the filing of his second suit, we must, and the Trial Court properly did, look to the timeliness of Plaintiff's First Complaint.

Next, we consider whether the Trial Court erred in dismissing Plaintiff's second suit after finding that it was barred by the statute of limitations. Plaintiff asserts that

he is entitled to rely upon Tenn. Code Ann. § 28-1-105, the saving statute. In pertinent part, Tenn. Code Ann. § 28-1-105 provides:

> **28-1-105. New action after adverse decision – Contractual limitations periods.** – (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. . . .

Tenn. Code Ann. § 28-1-105 (2000). Thus, Plaintiff must have commenced his first action within the statute of limitations in order to be able to rely upon Tenn. Code Ann. § 28-1-105 to obtain the saving period within which to file his second action.

The statute of limitations for a health care liability action is found at Tenn. Code Ann. § 29-26-116, which provides, as pertinent to this suit: "The statute of limitations in health care liability actions shall be one (1) year as set forth in § 28-3-104." Tenn. Code Ann. § 29-26-116 (2012). There is no dispute in the instant case that Plaintiff did not file his First Complaint within the one year statute of limitations. This, however, does not end the inquiry as in a healthcare liability action a plaintiff may obtain an extension of the statute of limitations by complying with Tenn. Code Ann. § 29-26-121.

In pertinent part, Tenn. Code Ann. § 29-26-121 provides:

> **29-26-121. Claim for health care liability – Notice – Evidence of compliance – Limitations – Copies of medical records.**
>
> (a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.
> (2) The notice shall include:

* * *

(E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

* * *

(b) If a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

(c) When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statue of repose applicable to that provider. Personal service is effective on the date of that service. Service by mail is effective on the first day that service by mail is made in compliance with subdivision (a)(2)(B). In no event shall this section operate to shorten or otherwise extend the statutes of limitations or repose applicable to any action asserting a claim for health care liability, nor shall more than one (1) extension be applicable to any provider. Once a complaint is filed alleging a claim for health care liability, the notice provisions of this section shall not apply to any person or entity that is made a party to the action thereafter by amendment to the pleadings as a result of a defendant's alleging comparative fault.

Tenn. Code Ann. § 29-26-121 (2012). Thus, if Plaintiff had properly complied with Tenn. Code Ann. § 29-26-121, he would have obtained an additional 120 days added to the statute of limitations within which to file his first suit.

It is uncontroverted that Plaintiff did not file his First Complaint within the general one year statute of limitations for health care liability actions. It was filed within the one year plus 120 days. However, in order for Plaintiff's First Complaint to have been timely filed, Plaintiff must have complied with Tenn. Code Ann. § 29-26-121 in order to receive the additional 120 day extension of the statute of limitations. It is undisputed that Plaintiff did not comply with Tenn. Code Ann. § 29-26-121 in his first suit. Because Plaintiff failed to comply with Tenn. Code Ann. § 29-26-121, Plaintiff did not receive the 120 day extension, and, therefore, his first complaint was not timely filed.

Our Supreme Court has instructed:

The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss. In the motion, the defendant should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof. Once the defendant makes a properly supported motion under this rule, the burden shifts to the plaintiff to show either that it complied with the statutes or that it had extraordinary cause for failing to do so. Based on the complaint and any other relevant evidence submitted by the parties, the trial court must determine whether the plaintiff has complied with the statutes. If the trial court determines that the plaintiff has not complied with the statutes, then the trial court may consider whether the plaintiff has demonstrated extraordinary cause for its noncompliance. If the defendant prevails and the complaint is dismissed, the plaintiff is entitled to an appeal of right under Tennessee Rule of Appellate Procedure 3 using the standards of review in Tennessee Rule of Appellate Procedure 13. If the plaintiff prevails, the defendant may pursue an interlocutory appeal under either Tennessee Rule of Appellate Procedure 9 or 10 using the same standards.

Because the trial court's denial of the Defendants' motion involves a question of law, our review is de novo with no presumption of correctness. *Graham v. Caples*, 325 S.W.3d 578, 581 (Tenn. 2010). The question of whether [a plaintiff] has demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and our review of that determination is de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings. *Starr v. Hill*, 353 S.W.3d 478, 481-82 (Tenn. 2011). We review the trial court's decision to excuse compliance under an abuse of discretion standard. "A court abuses its discretion when it applies an incorrect legal standard or its decision is illogical or unreasonable, is based on a clearly erroneous assessment of the evidence, or utilizes reasoning that results in an injustice to the complaining party." *Wilson v. State*, 367 S.W.3 229, 235 (Tenn. 2012) (citing *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011)). We examine the legal sufficiency of the complaint and do not consider the strength of the plaintiff's evidence; thus, all factual allegations in the complaint are accepted as true and construed in flavor [sic] of the plaintiff. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011).

*Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307-08 (Tenn. 2012)[3].

Parkwest made a proper motion to dismiss as instructed by our Supreme Court. Plaintiff admitted that he failed to comply with Tenn. Code Ann. § 29-26-121 in his first suit. Specifically, the medical authorization form Plaintiff sent to Parkwest was deficient because it did not authorize release of information to Parkwest and because it contained an expiration date that pre-dated the cover letter accompanying the medical authorization form by almost one year. Furthermore, Plaintiff's First Complaint did not contain the information required by Tenn. Code Ann. § 29-26-121. The Trial Court specifically found in its order granting Parkwest's motion to dismiss that Plaintiff admitted that he failed to comply with Tenn. Code Ann. § 29-26-121 in his first suit.

As our Supreme Court instructed in *Myers*, once the Trial Court determined that Plaintiff failed to comply with Tenn. Code Ann. § 29-26-121, the Trial Court could consider whether Plaintiff had demonstrated extraordinary cause for his non-compliance. *Myers*, 382 S.W.3d at 307-08. Specifically, the statute provides that: "The court has discretion to excuse compliance with this section only for extraordinary cause shown." Tenn. Code Ann. § 29-26-121(b) (2012). Our Supreme Court explained in *Myers*:

> The statute does not define "extraordinary cause," and the statute's legislative history does not indicate that the legislature intended to assign a meaning to that phrase other than its plain and ordinary meaning. "Extraordinary" is commonly defined as "going far beyond the ordinary degree, measure, limit, etc.; very unusual; exceptional; remarkable."

*Myers*, 382 S.W.3d at 310-11 (citations omitted).

A careful and thorough review of the record on appeal shows that Plaintiff's only proffered excuse for his non-compliance with Tenn. Code Ann. § 29-26-121 was a clerical error. This assertion appears in a comment made during oral argument on Plaintiff's motion for voluntary dismissal of Plaintiff's First Complaint. The issue of whether extraordinary cause existed to excuse compliance with Tenn. Code Ann. § 29-26-121 was not before the Trial Court at that time and was not being argued. The record reveals that Plaintiff did not argue extraordinary cause to excuse his non-compliance with Tenn. Code

---

[3]We are unclear as to why the motion to dismiss would not be converted into one for summary judgment since our Supreme Court instructs that a court may consider matters outside the pleadings such as affidavits and stated that the burden shifts. In any event, we follow the instructions of our Supreme Court.

Ann. § 29-26-121 during the hearing on Parkwest's motion to dismiss Plaintiff's Second Complaint.

The Trial Court found in its order granting Parkwest's motion to dismiss that Plaintiff had made no showing of extraordinary cause to excuse the lack of compliance with Tenn. Code Ann. § 29-26-121 in his first suit. As the record before us does not preponderate against the Trial Court's finding that Plaintiff made no showing of extraordinary cause, we cannot say that the Trial Court abused its discretion in holding that Plaintiff's non-compliance with Tenn. Code Ann. § 29-26-121 could not be excused for extraordinary cause.

The plain language of Tenn. Code Ann. § 29-26-121 provides that: "When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations . . . ." Tenn. Code Ann. § 29-26-121(c) (2012). As Plaintiff failed to give notice to Parkwest as required in the statute, and failed to demonstrate extraordinary cause to excuse his non-compliance, Plaintiff cannot and did not obtain the 120 day extension of the statute of limitations. This results in Plaintiff's first suit not having been timely filed.

In his brief on appeal Plaintiff argues that non-compliance with Tenn. Code Ann. § 29-26-121 does not require dismissal of his suit. Plaintiff cites to *Myers* in support of this assertion wherein our Supreme Court stated: "Regarding Tennessee Code Annotated section 29-26-121, the legislature did not expressly provide for the consequence of dismissal with prejudice as it did in Tennessee Code Annotated section 29-26-122." *Myers*, 382 S.W.3d at 312. Plaintiff has missed the point. We are not dismissing Plaintiff's second suit for non-compliance with Tenn. Code Ann. § 29-26-121, and neither did the Trial Court. Rather, we are holding that Plaintiff's non-compliance with Tenn. Code Ann. § 29-26-121 in his first suit prevented Plaintiff from obtaining the extra 120 day extension of the statute of limitations.

As Plaintiff was not entitled to the extra 120 day extension of the statute of limitations, and it is uncontroverted that Plaintiff did not file his First Complaint within the one year general statute of limitations for healthcare liability actions, Plaintiff's First Complaint was not filed within the statute of limitations. As Plaintiff's First Complaint was not timely filed, Plaintiff may not rely upon Tenn. Code Ann. § 28-1-105 to save his cause of action. We, therefore, affirm the Trial Court's judgment holding that Plaintiff's suit must be dismissed because it is barred by the statute of limitations.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Bobby J. Byrge, individually, and as next of kin for the decedent, Julia Kay Byrge, and the Estate of Julia Kay Byrge.

_____

D. MICHAEL SWINEY, JUDGE